## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN RE: **MICHAEL** and **KELLY NETZEL**, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> **WAKEFIELD & ASSOCIATES** ) <br> 830 E. Platte Ave. Unit A ) <br> Fort Morgan, CO 80701 ) <br> ) <br> Defendant. ) | Case No. 17 C 659 |

## MEMORANDUM ORDER

This action by Michael and Kelly Netzel (collectively "Netzels")[1] has invoked the Fair Debt Collection Practices Act (the "Act")[2] to charge Wakefield & Associates ("Wakefield") with having engaged in unlawful collection practices violating the Act. This memorandum order is issued sua sponte because of the problematic nature of the Complaint as presented by Netzels' counsel.

What the Complaint targets is a single communication from Wakefield to addressees identified as "The Parents Of Harmony Richardson," conveying a message admittedly identified in the document itself as "a communication from a debt collector." What is charged in the Complaint as having run afoul of the Act is the inclusion of the underscored portion of the following printed message that makes up the text of the communication:

---

[1] Netzels' attorney has been impermissibly careless in referring to "Plaintiffs" at many places in the Complaint and to "Plaintiff" (presumably meaning Michael Netzel) in others.

[2] All references to provisions of the Act will simply take the form "Section --," omitting any prefatory reference to Title 15 of the United States Code, where the Act has been codified.

> Our client(s) referred your past due account(s) to this Agency for collection. If there is some reason why you are unable to make full payment on this outstanding balance we ask that you contact our office.
>
> To insure proper credit to your account(s) please use payment coupon below and make your check payable to Wakefield & Associates, Inc. <u>Interest may be accruing on the balance</u>, please call for updated total before sending payment.
>
> You may make your payment online by going to our payment vendor's secure website: wakefieldpaymentsolutions.com.

According to Netzels' counsel, that communication violates Section 1692e. In that respect Complaint ¶¶ 22 through 24 allege:

> 22. There has been no agreement for interest between Plaintiff and the original creditor.
>
> 23. Therefore, the only interest that would apply would be statutory interest, which here in Illinois is governed by 815 ILCS 205/, which states statutory interest does not apply until there has been a 30 day notice for such interest by the Debt Collector.
>
> 24. Here, the letter is the thirty day notice, it is not legally possible for interest to accrue at this point.

And as Netzels' counsel would have it, the language in Wakefield's communication that has been underlined above in this memorandum order violated Section 1692e by materially misleading Netzels[3] because, as Complaint ¶ 25 alleges:

> It is a violation of 15 U.S.C. Section 1692e to imply an outcome that can not legally come to pass.

This Court is of course well aware of the low level of sophistication or comprehension on the part of someone targeted by a debt collector that our Court of Appeals has set as the standard for finding any communication from that debt collector violative of the Act. But here Netzels'

---

[3] That's a guess by this Court, for counsel has materially misled it by using "Plaintiff" in the singular.

Complaint seeks to call to their aid caselaw from our Court of Appeals and other courts that does not at all justify the pejorative claim advanced in the Complaint.

On that score, although is quite true that interest could not have been accruing at the time Wakefield sent its communication because of the 30 day notice provision of 815 ILCS 205/2, analysis shows that Netzels could not even arguably have been damaged by the inclusion of the challenged language in Wakefield's communication as assertedly "imply[ing] an outcome that cannot legally come to pass":

1. On the one hand, if as Wakefield's notice directed the addressees were to call it to inquire about a possible interest charge <u>before</u> sending any payment, there is nothing at all to suggest that Wakefield would have responded by telling a lie on that subject. No harm, no foul.

2. If on the other hand Netzels had simply ignored that direction and actually paid the principal of their $1,524 obligation to the creditor for which Wakefield was acting as a debt collector, Netzels could not complain about their having honored an acknowledged indebtedness by paying it.

In sum, counsel's effort to convert the Wakefield communication into a violation of Section 1692e in the respect charged in Complaint ¶ 25 is itself a false and misleading application of that statute. This Court accordingly dismisses both the Complaint and this action.

_____
Milton I. Shadur
Senior United States District Judge

Date: February 1, 2017